Branch, Adm'x, vs. Horner, Adm'r, et al.

BRANCH, Adm'x, vs. HORNER, Adm'r, et al.

| 28 | 341 |
| 64 | 355 |

JUDGMENT LIEN : *When enforced in equity.*

Oates was seized of certain lands at the time and in the county where the judgment was rendered; he conveyed the lands and died before satisfaction of the judgment. On demurrer to bill against his administrator to enforce the statutory judgment lien: *Held*, that a judgment creditor will not be permitted to invoke the assistance of a court of chancery to enforce a legal right, unless he aver and show by his bill that he has exhausted all the remedies afforded him by the law, without satisfaction, or that owing to some equitable interest in the property attempted to be subjected to the satisfaction of the debt, or by reason of some fraudulent conveyance thereof, the legal remedies cannot be made available; 2d. That the remedy of the judgment creditor was through the probate court.

APPEAL from *Monroe* Circuit Court.

Hon. M. L. STEPHENSON, Circuit Judge.

*Hughes & Smith*, for appellant.

*A. H. Garland*, for appellees.

C. C. FARRELLY, Sp. J.   On the 15th day of November, 1869, the appellant recovered judgment in the Monroe circuit court against Oliver H. Oates. At the time of the rendition of the judgment, Oates was seized of certain lands situate in Monroe county, and set forth and described in the complaint. Two days after the judgment was rendered, Oates, in contemplation of marriage, conveyed to Mrs. Tappan, afterwards Mrs. Oates, one of the appellees herein, a portion of the lands mentioned in the complaint. Oates afterwards died, and the appellant brought her complaint in equity against the appellees, praying that the judgment might be revived against the appellee Horner, as the administrator of Oates, and, in default of payment, the land be subjected to her judgment lien and sold to satisfy her judgment debt.

The appellee demurred to the complaint: 1. Because it does not appear that any valid judgment, enforcible at law, was rendered in favor of the plaintiff against the said O. H. Oates, in his life time; 2. Because it appears from the complaint, that the pretended judgment was rendered against the said O. H. Oates, in his lifetime; that the said O. H. Oates has since died, and, under the law, upon the death of the said O. H. Oates, the lien of said judgment, if there was any, was extinguished, and all the estate of the said O. H. Oates was then to be administered under the jurisdiction of the probate court; 3. Because the complaint is otherwise informal and insufficient.

The court sustained the demurrer as to the first, and overruled it as to the second cause assigned, and dismissed the complaint for want of equity. Both parties appealed.

Upon the case stated, and the ruling of the court below in dismissing the complaint generally, for want of equity, we do not deem it necessary, as affecting the question presented by the record, to discuss or review the rulings of the court upon the two special causes of demurrer assigned, or to consider that view taken, in argument, by appellant's counsel, insisting upon the validity of the original judgment, based upon the supposition, as it seems to us, that the court, in dismissing the complaint, was moved to do so by reason of the original judgment being void for uncertainty or other cause. It may be sufficient to say that the judgment was by consent, and entered in accordance with a written agreement filed by the parties, and appellees' intestate, Oates, paid a portion of the same previous to his death. Assuming, then, the regularity and validity of the judgment, did the court err in dismissing the complaint for the want of equity?

The authorities are numerous and of much weight, and it may be considered as well settled by the decisions of this

court, that a judgment creditor will not be permitted to invoke the assistance of a court of chancery to enforce a legal right, unless he aver and show by his bill that he has exhausted all the remedies afforded him by the law, without satisfaction, or that owing to some equitable interest in the property attempted to be subjected to the satisfaction of the debt, or by reason of some fraudulent conveyance thereof, the legal remedies cannot be made available; "As first, when a creditor has obtained judgment, issued an execution, and can collect nothing thereby, but has information of a debt or thing in action, or equitable right or interest, which ought to be subjected to the payment of the debt, but which the common law remedy cannot reach; and secondly, when a creditor has a judgment or execution that is a lien on property that is covered by a fraudulent conveyance, or by a mortgage or incumbrance, which the creditor will redeem or remove by payment." See *Apperson & Co. v. Ford et al.*, 23 Ark., 746, and cases cited.

The complaint in this case simply alleges the fact of the existence of the statutory judgment lien and the subsequent conveyance of a portion of the lands by the judgment debtor. There is no charge of fraud, no averment that there are not other judgment creditors of equal or prior standing, no allegation that the appellant is remediless at law, no showing that appellant ever attempted to collect her debt by process of law, or any reason assigned for not so doing, and, most assuredly, without some such averments or showing, the mere fact of the subsequent conveyance by the judgment debtor would not authorize the interposition of a court of equity to enforce her lien. The judgment lien of the appellant secured her against this conveyance, and against all and any subsequent incumbrances that might be placed upon the lands by the judgment debtor for the time prescribed by the statute.

But it is insisted, in argument, by the appellant's counsel,

that there is a marked difference between a judgment obtained against a debtor in his life time, and one obtained after his death against his administrator; that the former is a lien upon his lands, and the latter merely an ascertainment of the amount due; that it would be unjust and inequitable to compel a judgment creditor, having a lien, to seek his remedy under the administration law through the probate court, although his demand is placed in a preferred class of claims, as it would deprive him of his right of priority secured by the statute to the diligent creditor.

To this it may be answered that sec. 99, ch. 4, Gould's Digest, in classifying demands against the estate of a deceased person, places all judgments rendered against the deceased in his life time, which are liens on the lands of the deceased, if he died possessed of any, in the third or preferred class of claims; and by sec. 144, the executor or administrator, on order of the probate court, is required to pay the claims exhibited against the estate according to the classification made by the court; and by sec. 146, on failure of the executor or administrator to pay the claim ordered to be paid, on application made by the claimant to the clerk of the probate court, and proof of demand and failure to pay, the clerk is authorized to issue execution for the amount ordered to be paid, against the goods and chattels, lands and tenements of such executor or administrator; and by sec. 147, on the return of such execution unsatisfied, a *scire facias* may issue against the securities of the executor or administrator to show cause why judgment should not be rendered against them; and by sec. 148, "such *scire facias* may be directed to any county of this state, and, upon the return thereof duly served, if good cause to the contrary be not shown, the court shall render judgment against such security for the amount of the claim ordered to be paid as aforesaid, and remaining unpaid, together with

costs, and issue execution thereon." And this court, in passing upon the jurisdiction of the probate court respecting the estates of deceased persons, and in construing our administration law and remarking upon its justice, wisdom and policy, has said: "Our laws  *  *  upon the happening of the death of an intestate or testator, at once invest our probate courts with at least a potential jurisdiction over the entire estate of the deceased which is put in actual exercise, if not before, at least upon the granting of letters testamentary or of administration. And the legal effect of this is to place, from that moment, the entire estate, real and personal, within the custody of the law, where it remains until disposed of under authority of that court, or until the purposes for which it was placed there have been fully subserved." And citing from *Outlaw v. Yell*, 5 Ark., 468, " that the probate court is manifestly by the constitution, the forum where the amount of assets and the order in which they are to be appropriated by law for disbursement, is to be fixed and ascertained ; " and from *Ryan et al. v. Lemon*, *Adm'r*, 2 Eng., 78, that " if the party adopts the common law form of action and proceeds in the circuit court for the recovery of a claim against an estate, he will of course be subjected to such qualifications of his remedy as may have been imposed by legislative enactment." *Adamson et al. v. Cummins*, *Adm'r*, 10 Ark., 550. See also *Horner v. Hanks*, 22 Ark., 584.

From the authorities first above cited, the provisions of the statute referred to, and the construction given our administration law by this court, we may readily conclude, 1. That the complaint contains no such allegations or averments as would authorize the interposition of a court of chancery to enforce the appellant's judgment lien; and 2. That the distinction attempted to be drawn between a judgment obtained against a man in his life time, and one against his administrator after

his death, so far as in this case it affects the jurisdiction of the probate court in the matter of the estates of deceased persons, cannot be maintained; and further, that the appellant had an ample and complete remedy through the probate court to collect her debt, had she chosen to do so.

The decree of the court below is affirmed.

Hon. M. L. STEPHENSON, being disqualified, did not sit in this case.